UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA GREEN, individually and on behalf of all other persons similarly situated,

        Plaintiff,

v.

BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., d/b/a BANK OF AMERICA HOME LOANS, f/k/a COUNTRYWIDE HOME LOANS, INC., BAC HOME LOANS SERVICING, LP, a Texas limited partnership, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation and BANK OF NEW YORK MELLON, N.A., f/k/a THE BANK OF NEW YORK TRUST COMPANY, N.A., Jointly and Severally,

        Defendants.

CASE NO. 11-10511

HON. MARIANNE O. BATTANI

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant Bank of America Corporation, Bank of America, N.A., BAC Home Loans Servicing, L.P., Mortgage Electronic Registration Systems, Inc., and Bank of New York Mellon, N.A.'s Motion for Judgment on the Pleadings (Doc. No. 16). The Court has reviewed all the filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** the motion.

**I.     INTRODUCTION**

Plaintiff Patricia Green filed suit, alleging violations of federal and state law arising out of the foreclosure of her mortgage. Because Plaintiff concedes that Defendants are entitled to a judgment on the pleadings as to Counts II and III of her Complaint, the Court directs its attention to the facts underlying Count I, which advances a claim against Mortgage Electronic Registration Systems Inc. ("MERS"), and/or Bank of New York Mellon N.A. ("BNYM").

On October 26, 2006, Green purchased real estate located at 19613 Lochmorre Street in Harper Woods, Michigan. (Compl. at ¶ 20). Plaintiff borrowed $143,500 from Countrywide Home Loans, Inc., and executed a promissory note, which was secured by a mortgage naming MERS as nominee for the Lender and Lender's successors and assigns. She stopped paying on her note in August 2009. On December 29, 2010, MERS assigned the mortgage to BNYM. (Doc. No. 1, ¶ 23, and Ex. B). On December 31, 2010, BNYM instituted foreclosure by advertisement and published a notice in the Detroit Legal News. Plaintiff subsequently filed this action.

In Count I, Plaintiff asserts that under the mortgage agreement, the Lender had to notify the Borrower of acceleration, but failed to do so. (Compl. at ¶¶ 21-24). In addition, Green asserts that MERS could not foreclose by advertisement because the mortgage holder BNYM had not authorized MERS to act as its nominee.

**II. STANDARD OF REVIEW**

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The

requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. See Fed. R. Civ. P. 12(b)(6) & (c). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same. . . ." Lindsay v. Yates, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

"A complaint attacked by a Rule [12(c) motion for judgment on the pleadings] does not need detailed factual allegations." Twombly, 550 U.S. at 555 (citations omitted). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under

certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. See 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed.1998). This occurs when "a document is referred to in the complaint and is central to the plaintiff's claim. . . ." Id. In such event, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id.; see, e.g., Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir.1997) (considering pension plan documents that defendant attached to the motion to dismiss part of the pleadings because the documents were referred to in the complaint and were central to the plaintiff's claim for benefits under the plan). In sum, a court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

### III. ANALYSIS

Before addressing the merits of Defendants' motion, the Court notes that Defendants attached an Assignment of Note, which was not referenced in the Complaint. (See Doc. No. 16,. Ex. 2). Because this document is central to Plaintiff's claim, the Court considers it without converting the motion to one for summary judgment.

The mortgage securing Plaintiff's loan named MERS as the mortgagee as nominee for Lender and Lender's successors and assigns. (Compl. ¶ 19). Paragraph 22 of the mortgage reads:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may required immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable law.

There is no dispute that Plaintiff defaulted on her loan in August 2009. Nor is there any dispute that on November 6, 2009, BAC Home Loans Servicing, LP sent Plaintiff a Notice of Intent to accelerate, (Doc. No. 9, Ex. 2), informing Plaintiff of her right to cure the default on or before December 6, 2009, as well as the amount required. The Notice of Intent added that if Plaintiff failed to cure the mortgage payments would be accelerated. (Id.).

Green did not cure her default, and on December 31, 2010, BNYM published a foreclosure notice indicating its intent to sell Plaintiff's property in a foreclosure sale to be held February 3, 2011. The sale was adjourned to February 10, 2011. After Plaintiff filed this lawsuit, the parties agreed that the sate would be adjourned on a weekly basis.

### 1. Notice of Default

Although Plaintiff is correct that neither MERS nor BNYM sent her a notice of acceleration, her loan servicer, BAC Home Loans Servicing, LP, did. The notice satisfies the mortgage provision inasmuch as the mortgage does not require that the Lender

personally send the notice. Further, the mortgage authorizes the Lender to employ agents to act on its behalf, and the loan servicer's job was to "collect Periodic Payments due under the Note and this Security Instrument and perform other mortgage loan servicing obligations." (Doc. No. 16, Ex. 1 at 9, ¶ 20). The documents demonstrate that Plaintiff received the required notice. Green does not challenge this position in her response. Thus, the Court finds that the uncontested facts undermine Plaintiff's failure to provide notice claim, and Defendants are entitled to judgment on the pleadings relative to this claim.

### 2. Authority to Foreclose

Although Plaintiff abandoned her notice claim, in her response she raised a challenge to BNYM's authority to foreclose by statute. Because she states in her Complaint that Count I is directed solely to Defendant MERS, in her response, Plaintiff seeks leave to amend to the extent that the Court finds other defendants should be added to Count I.

Leave to amend should be freely given "when justice so requires," under Rule 15(a)(2), Fed. R. Civ. P. In deciding motions brought under this rule, the courts look to the factors first articulated in <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), and revisited in <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330-31(1971). Denial of a motion to amend may be warranted where there has been undue delay or bad faith in making the motion, when granting the motion would unduly prejudice the nonmoving party, or when the proposed amendment would be futile.

The Court finds that last factor--futility--warrants a denial of Plaintiff's request. More particularly, here, Plaintiff attempts to recast her claim to conform to the holding in Residential Funding Co. v. Saurman, __ N.W. 2d __, Nos. 290248, 291443, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011) (holding MERS may not foreclose by advertisement). The Michigan appellate court held that MERS may not initiate a foreclosure by advertisement because it is neither the owner of the indebtedness nor the servicing agent. Id.

At the outset, the Court observes that MERS did not bring the foreclosure; BNYM did. According to Green, on the date BNYM instituted nonjudicial foreclosure proceedings, it did not have an interest in the note and the mortgage, therefore, the statute does not empower it to initiate a foreclosure. The Court disagrees.

The statute and the Saurman decision requires only that the foreclosing party have a "legal share, title, or right in the note" when foreclosure by advertisement is initiated. Id., 2011 WL 1516819; Mich. Comp. Laws § 600.3204(1)(d). Because BNYM was in possession of the Note, endorsed in blank by Countrywide, the original lender, it had the authority to foreclose. (See Doc. No. 16, Ex. 2 at 3). Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings. LLC, 717 F. Supp. 2d 724, 732-34 (E.D. Mich. 2010). In sum, BNYM had legal authority to begin statutory foreclosure proceedings based upon its ownership of the note as of December 29, 2010, two days before the foreclosure notice was published.

Further, BNYM had both the note and the mortgage at the time the foreclosure sale was scheduled. Specifically, BNYM acquired the interest in the mortgage on January 4,

7

2011. (Doc. No. 19, Ex. B). The statute requires only that a record chain of title exist "prior to the date of sale. . .evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3). Accord Gathing v. MERS, Inc., No. 1:09-CV-07, 2010 WL 889945 (W.D. Mich. March 10, 2010). Therefore, Plaintiff's challenge fails. BNYM held the note and mortgage in compliance with the statute.

## IV. CONCLUSION

Therefore, the Court **GRANTS** Defendants' motion. This matter is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: October 26, 2011

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager